IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | Cr. No. 17-00582 JMS-RLP |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT NGUYEN'S MOTION TO SUPPRESS EVIDENCE, ECF NO. 310 |
| vs. | |
| KATHERINE P. KEALOHA (1), LOUIS M. KEALOHA (2), DEREK WAYNE HAHN (3), MINH-HUNG NGUYEN (4), GORDON SHIRAISHI (5), AND DANIEL SELLERS (6), | |
| Defendants. | |

# ORDER DENYING DEFENDANT NGUYEN'S MOTION TO SUPPRESS EVIDENCE, ECF NO. 310

## I. INTRODUCTION

Defendant Minh-Hung Nguyen ("Defendant" or "Nguyen") has filed a Motion to Suppress Evidence, ECF No. 310, seeking to suppress cell site location information ("CSLI") obtained by the government pursuant to an August 4, 2015 Order obtained under the Stored Communications Act, 18 U.S.C. § 2703(d).[1]

---

[1] Section 2703(d) provides in part:

> A court order for disclosure under [18 U.S.C. 2703(b) or (c)] may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to

(continued . . .)

Nguyen relies on *Carpenter v. United States*, 138 S. Ct. 2206 (2018) (holding that — contrary to some of § 2703(d)'s terms — the government must obtain a warrant upon probable cause to obtain CSLI), in arguing that the August 4, 2015 Order led to an unconstitutional violation of his Fourth Amendment rights.

Despite the admitted violation, however, the evidence is admissible under a good-faith exception to the exclusionary rule as set forth in *Illinois v. Krull*, 480 U.S. 340, 346 (1987) (applying a good faith exception where law enforcement reasonably relied on a statute that was later determined to be unconstitutional) and *United States v. Leon*, 468 U.S. 897, 920 (1984) (applying a good faith exception where law enforcement reasonably relied on a warrant issued by a neutral magistrate, even if the warrant was later found defective). Accordingly, Nguyen's Motion to Suppress is DENIED.

## II.  **DISCUSSION**

The government obtained the August 4, 2015 Order from a magistrate judge, who approved the government's application for release from the carrier of historical CSLI from Defendant's cellular telephone.  In accordance with

---

(. . . continued)
>believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation.

§ 2703(d), the application set forth "specific and articulable facts showing . . . reasonable grounds to believe that the requested information [was] relevant and material to [an] ongoing criminal investigation." ECF No. 340 at 3 ¶ 3. The government explained that it was "investigating obstruction of justice," specifically that "Honolulu Deputy Prosecutor [co-Defendant Katherine Kealoha] and others may have conspired with individuals within the Honolulu Police Department (HPD) committing acts of obstruction of justice and false imprisonment by either creating false evidence or withholding evidence to falsely imprison [Katherine Kealoha's] uncle, [Gerard] Puana." *Id.* at ¶ 3a. The application sought CSLI records for Nguyen's cell phone because:

> these records may assist in determining [his] possible location on several specific dates and times which are relevant to this investigation. There are several dates and times in question, which include but are not limited to events on June 21, 2013 at approximately 11:31 PM where [Katherine Kealoha] alleged that Puana stole [her] property and Puana was previously arrested by HPD based on [her] statements. Puana has previously stated he was not at his residence, or the scene of the theft during the time in question.

*Id.* at 4 ¶ 3b. The government sought records from January 1, 2013 until July 29, 2015. *Id.* at ¶ 4b.

When the government applied for a § 2703(d) order on July 29, 2015, at least three circuit courts of appeal had upheld the section's constitutionality. *See*

3

*In re Application of the U.S. for an Order Directing Provider of Elec. Commc'n Serv. to Disclose Records to Gov't*, 620 F.3d 304, 313 (3d Cir. 2010); *In re Application of U.S. for Historical Cell Site Data*, 724 F.3d 600, 616 (5th Cir. 2013); *United States v. Davis*, 785 F.3d 498, 511 (11th Cir. 2015) (en banc). And after the August 4, 2015 Order was issued, at least three other circuits also upheld § 2703(d)'s standard against constitutional challenges. *See United States v. Graham*, 824 F.3d 421, 438 (4th Cir. 2016) (en banc); *United States v. Carpenter*, 819 F.3d 880, 890 (6th Cir. 2016); *United States v. Thompson*, 866 F.3d 1149, 1160 (10th Cir. 2017). The Ninth Circuit, however, had not issued an opinion, one way or the other, regarding § 2703(d)'s constitutionality.[2]

But, on June 22, 2018, the Supreme Court overruled those circuits and held that, absent case-specific exceptions such as exigent circumstances, "the Government will generally need a warrant to access CSLI." *Carpenter*, 138 S. Ct. at 2222. That is, "an order issued under Section 2703(d) of the [Stored Communications] Act is not a permissible mechanism for accessing historical cell-site records." *Id.* at 2221. Given *Carpenter*, the government does not dispute that

---

[2] At about that time, district judges in the Northern District of California had begun denying § 2703(d) applications on constitutional grounds, requiring search warrants to obtain historical CSLI information. *See In re: Application for Tel. Info. Needed for a Criminal Investigation*, 119 F. Supp. 3d 1011, 1018 (N.D. Cal. 2015) (so ruling on July 29, 2015, and citing earlier orders from the Northern District of California, as well as opinions of state courts, that recognized a reasonable expectation of privacy in CSLI).

4

CSLI it received regarding Nguyen's cell phone under the August 4, 2015 Order was obtained in violation of the Fourth Amendment.

Nevertheless, evidence obtained in an unconstitutional search is not automatically excluded or suppressed. Rather, the exclusionary rule still "permit[s] the introduction of evidence obtained in the reasonable good-faith belief that a search or seizure was in accord with the Fourth Amendment." *Leon*, 468 U.S. at 909 (quoting *Illinois v. Gates*, 462 U.S. 213, 255 (1983)). "The Court has over time applied this 'good-faith' exception across a range of cases." *Davis v. United States*, 564 U.S. 229, 238 (2011). "*Leon* itself, for example, held that the exclusionary rule does not apply when the police conduct a search in 'objectively reasonable reliance' on a warrant later held invalid." *Id.* at 238-39 (quoting *Leon*, 468 U.S. at 922). And *Krull* "extended the good-faith exception to searches conducted in reasonable reliance on subsequently invalidated statutes." *Id.* at 239 (citing *Krull*, 480 U.S. at 349-50). *Davis* then extended the doctrine to objectively-reasonable good faith reliance on binding precedent. 564 U.S. at 241.

Both *Krull* and *Leon* clearly apply to Nguyen's Motion to Suppress. As in *Krull*, the government here fully complied with the terms of a statute, § 2703(d), that authorized the release of CSLI. No precedent — whether in the Ninth Circuit or the District of Hawaii — indicated the statute was

5

unconstitutional; indeed, at the time, at least three other circuits had *upheld* its constitutionality. No circumstances indicate that the government could not have reasonably relied upon the statutory scheme set forth in § 2703(d).[3] Thus, under *Krull*, the fact that *Carpenter* subsequently invalidated § 2703(d) in June 2018 does not require suppression of CSLI obtained almost three years earlier in August 2015. *See Krull*, 480 U.S. at 349-50. Since *Carpenter*, although the Ninth Circuit has not reached the question, numerous other courts that have considered the same suppression issue have found the same good-faith exception to apply. *See, e.g.*, *United States v. Curtis*, 901 F.3d 846, 848 (7th Cir. 2018); *Goldstein*, 2019 WL

---

[3] In his Reply, Nguyen points out that the § 2703(d) application was sought by an Assistant United States Attorney ("AUSA"), and not by an agent of the Federal Bureau of Investigation or another law-enforcement agency. Nguyen argues that, as an attorney versed in the nuances of search and seizure law, the AUSA must have known the statute was unconstitutional. The court is not convinced. First, the good-faith standard is objective (not subjective) and so the court does not examine the individual applicant's beliefs. Second, as a seasoned criminal prosecutor, it is just as likely — given the weight of authority at the time — that the AUSA could have thought the statute *was* constitutional, making reliance on the terms of the statute even more reasonable. And it makes little difference that the application was from the AUSA (who had attested that "I have been informed by Special Agents of the FBI and believe that" the facts in the application were true, ECF No. 340 at 4-5). *See, e.g.*, *United States v. Brown*, 2017 WL 3428300, at *5 (C.D. Cal. Aug. 7, 2017) (applying a good faith exception to a § 2703(d) order, after the Supreme Court had granted certiorari in *Carpenter*, where the application was from the prosecutor, but with facts "as learned from [an] FBI Special Agent"); *United States v. Goldstein*, 2019 WL 273103, at *4 (3d Cir. Jan. 22, 2019) (rejecting argument that "the good faith exception applies only to police officers and other investigators, not the government attorneys who obtained the Section 2703(d) order" because the inquiry is "not who the state actor is, but rather, whether the state actor had a reasonable, good faith belief that his actions were legal").

273103, at *3; *United States v. Taylor*, 2019 WL 339450, at *1 (W.D. Mo. Jan. 28, 2019) (citing numerous cases).

Additionally, as in *Leon*, the government could have reasonably relied on the magistrate judge's independent determination that the government was authorized to obtain the CSLI under the statute. Under *Leon*, the exclusionary rule will not apply when law enforcement conducts a search pursuant to an objectively-reasonable good-faith reliance on judicial order, even if that order is later found to be invalid. 468 U.S. at 922. Nothing indicates that the § 2703(d) application contained false or misleading statements or otherwise deceived the magistrate judge, who issued the August 4, 2015 Order after independent review.[4] *Leon* applies, just as does *Krull*.[5] *See, e.g.*, *United States v. Chavez*, 894 F.3d 593, 608 (4th Cir. 2018) (applying the good faith exception because investigators "reasonably relied on court orders and the Stored Communications Act in

---

[4] In his Reply, Nguyen argues that the application's broad time frame (from January 1, 2013 until July 29, 2015) indicates that the AUSA knew or should have known that the search was unconstitutional, and that "greater care and heightened awareness with respect to the Fourth Amendment should have been taken." ECF No. 370-1 at 6. But even if the request was broad (a finding the court is not making, as the government might have had reason to investigate Nguyen's whereabouts on many occasions), it has no bearing on whether a good faith exception applies here. That is, the government could still have relied in good faith on the terms of § 2703(d) and in the magistrate judge's August 4, 2015 Order.

[5] Given the clear applicability of *Krull* and *Leon*, the court need not decide whether a good faith exception under *Davis*, 564 U.S. at 241 (holding that "[e]vidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule"), also applies.

7

obtaining the cell site records"); *Davis*, 785 F.3d at 518 n.20 ("In the alternative, we hold that the prosecutors and officers here acted in good faith and therefore, under the well-established *Leon* exception, the district court's denial of the motion to suppress did not constitute reversible error.").

### III. CONCLUSION

For the foregoing reasons, the Motion to Suppress Evidence, ECF No. 310, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 11, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Kealoha et al.*, Cr. No. 17-00582 JMS-RLP, Order Denying Defendant Nguyen's Motion to Suppress, ECF No. 310