

MIYOSHI & HIRONAKA, LLLC
Attorneys at Law

RANDALL K. HIRONAKA  7444
345 Queen Street, Suite 600
Honolulu, Hawai'i  96813
Telephone:  (808) 888-2595
Facsimile:   (808) 599-1645
E-mail:      randy@808-law.com

Attorney for Defendant
MINH-HUNG NGUYEN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. No. 17-00582 JMS |
| | ) | |
| vs. | ) | DEFENDANT MINH-HUNG |
| | ) | NGUYEN's SENTENCING |
| MINH-HUNG NGUYEN (4), | ) | MEMORANDUM; DECLARATION |
| | ) | OF COUNSEL and CERTIFICATE |
| Defendant. | ) | OF SERVICE |
| | ) | |
| | ) | Date:   March 18, 2020 |
| | ) | Time:  1:30 p.m. |
| | ) | Judge:  J. Michael Seabright |
| | ) | |
| | ) | [■■■■■■■■] |

DEFENDANT MINH-HUNG NGUYEN's SENTENCING MEMORANDUM

<u>DEFENDANT MINH-HUNG NGUYEN's SENTENCING MEMORANDUM</u>

Defendant Minh-Hung "Bobby" Nguyen was a footman with the Honolulu Police Department ("HPD"). The day he graduated from the Academy, he was a footman assigned to work patrol. Thirteen years later, having never been promoted, he remained at the rank of footman until the day he was terminated from HPD.

As a footman, Mr. Nguyen did not wield significant power. He possessed police powers, to be sure, however, Mr. Nguyen had no authority over others. He had command over no one. He was outranked by everyone.

As a footman in CIU, Mr. Nguyen performed a myriad of menial tasks. He literally would pick up soda for the unit. He took out the trash. Mr. Nguyen did "anti-terrorism work" for a few years, which consisted of doing social media and checks on individuals. He also helped the Secret Service with President Obama's detail when the president would visit Hawaii on vacation. However, for the most part, Mr. Nguyen did whatever he was told to do.

A closer look at the evidence in this case reveals that Mr. Nguyen did the same thing in the instant case -- he did what he was told to do.

To be clear, the defense understands that the foregoing does not serve as a defense to the charges Mr. Nguyen was convicted of (at least, not to the jury which was empaneled). However, these circumstances are still highly relevant to the facts of the case, Mr. Nguyen's applicable guidelines, the 18 U.S.C. §3553(a) factors

and the parsimony clause. As such, they should also be relevant to this Court's determination of Mr. Nguyen's sentence.

Mr. Nguyen stands before this Court for sentencing on one (1) count of Conspiracy to Obstruct Justice in violation of 18 U.S.C. §371 and three (3) counts of Obstruction of an Official Proceeding in violation of 18 U.S.C. §1512(c)(2). Mr. Nguyen's sentence should be based on the factors of 18 U.S.C. §3553(a), in particular, whether the sentence is "sufficient, but not greater than necessary" to meet "the need for the sentence imposed." Focusing on the §3553(a) factors and the parsimony clause, and given that the guidelines already account for Mr. Nguyen going to trial and, in particular, the jury's verdict, a sentence below the advisory guideline range is warranted.[1]

Factual Background

The government contends that, "[a]s a preliminary point, there is no question that seeking to frame an innocent man was the goal of this criminal conspiracy," and that goal "was established beyond a reasonable doubt at trial." The jury clearly rejected these assertions.

The First Superseding Indictment charged four objects of the conspiracy: 1) deprivation of civil rights; 2) obstruction of an official proceeding; 3) false

---

[1] █████████████████████████████████
██████████████████████████████████████
█████████████████████

statement to government agency; and 4) obstruction of justice. Dkt. No. 164 at 15-16, ¶¶ 27(a)-(d). As this Honorable Court is already aware, the jury only indicated that it unanimously found that the conspirators agreed to commit obstruction of justice as the object of the conspiracy. Framing an innocent man could only have fallen under deprivation of civil rights, obstruction of an official proceeding or false statement to government agency, none of which were proven to be objects of the conspiracy beyond a reasonable doubt.

To understand precisely what the jury convicted Mr. Nguyen of, it is critical to examine the Court's conspiracy jury instructions. This includes not just the elements instruction at Court's Instruction No. 16, but Court's Instructions No. 17 and 18 as well. Per the first element, the conspiracy instruction authorized the jury to find Mr. Nguyen guilty if there was an agreement between two or more people to commit at least one of the crimes as charged in the Indictment. Dkt. No. 824 at 19 (jury instructions p. 18).[2] Essentially, this required the jury to find that a conspiracy existed in the first place.

The second element required the jury to find that Mr. Nguyen became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it. *Id.* (jury instructions p. 18). This element did not require the

---

[2]  "19" is the document PDF page number as indicated on the top file stamp of the document. The page number listed on the original document at the bottom center of the page is "18."

jury to find that Mr. Nguyen conspired with a co-defendant. At trial, the government specifically elicited evidence from Niall Silva that he conspired with Mr. Nguyen to lie about the recovery of the Kealohas' hard drive. Importantly, the only object of the conspiracy which the jury found was unanimously proven beyond a reasonable doubt was obstruction of justice.

Finally, the third element required the jury to find that one of the members of the conspiracy performed at least one overt act on or after October 19, 2012 for the purpose of carrying out the conspiracy. *Id*. (jury instructions p. 18).

The problem with the government's assertions that "there is no question that seeking to frame an innocent man was the goal of this criminal conspiracy," and that goal "was established beyond a reasonable doubt at trial," is that they are only true if the other allegations in the First Superseding Indictment were proven beyond a reasonable doubt to be true. As we now know, the jury's verdict rejected these contentions. The broad nature of what it takes to be found guilty of conspiracy, as well as the jury's verdict form, strongly contradicts these assertions as well.

It is important to also note the following:

1. For a conspiracy to have existed, it is not necessary that the conspirators...agreed on every detail of the conspiracy. *Id*. at 20 (jury instructions p. 19).

2. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you

agreeing as to the particular crime which the conspirators agreed to commit. *Id.* (jury instructions p. 19).

3. One becomes a member of a conspiracy...even though the person does not have full knowledge of all the details of the conspiracy. *Id.* (jury instructions p. 19).

4. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members. *Id.* at 22. (jury instructions p. 21).

In contrast to the government's position, when all of this is added up, it means that Mr. Nguyen need not have known about any conspiracy to "frame an innocent man." In fact, as is discussed next, it actually means that the jury only found Mr. Nguyen guilty of trying to "cover up" the actions and crimes of other conspirators.

Court's Instruction No. 18 explained to the jury the various alleged "objects" of the conspiracy. The alleged "framing" of Gerard Puana was only covered by the first (deprivation of civil rights), second (obstruction of an official proceeding) and third (false statement to a federal government agency) objects of the conspiracy. As to the deprivation of civil rights object, the instruction specifically read as follows:

> The Fourth Amendment also generally prohibits arrests without a warrant, unless an officer has probable cause to believe that an individual committed a crime. Probable cause is defined as a fair probability that an individual has committed a crime.
>
> A false arrest or false imprisonment violates the Fourth Amendment. A defendant does not have to personally commit the unlawful search,

6

> seizure, or arrest—it is sufficient if a defendant willfully caused one of these acts to be done.

*Id*. at 25-26 (jury instructions p. 24-25). Again, the jury rejected this as an object of the conspiracy. Therefore, it logically follows that the government did not prove beyond a reasonable doubt that Mr. Nguyen was part of a conspiracy to cause Mr. Puana's false arrest in an effort to "frame" him.

As to the obstruction of an official proceeding object of the conspiracy, the instruction specifically read as follows:

> First, the defendant influenced, obstructed, or impeded the due administration of justice in an official proceeding, by making false statements in an ongoing criminal trial against Gerard Puana in the United States District Court for the District of Hawaii, or before the federal grand jury for the District of Hawaii;
>
> Second, the false statement was material to the official proceeding; that is, it had a natural tendency to influence, or was capable of influencing, the decisions and activities in the criminal case against Gerard Puana in the United States District Court for the District of Hawaii, or before the federal grand jury for the District of Hawaii

*Id*. at 26 (jury instructions p. 25). Again, since the jury rejected this as an object of the conspiracy, it logically follows that the government did not prove beyond a reasonable doubt that Mr. Nguyen was part of a conspiracy to "frame" Mr. Puana by influencing the decisions and activities in either the criminal case against Mr. Puana, or before the grand jury.

As to the false statement to a federal government agency object of the conspiracy, the instruction specifically read as follows:

7

> First, the defendant made a false statement;
>
> Second, the statement was made in a matter within the jurisdiction of the Federal Bureau of Investigation (FBI) or the United States Postal Inspection Service (USPIS);
>
> Third, the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his or her conduct was unlawful; and,
>
> Fourth, the statement was material to the activities or decisions of the FBI or the USPIS; that is, it had a natural tendency to influence, or was capable of influencing, the FBI's or USPIS's decisions or activities.

*Id*. at 27 (jury instructions p. 26). First, it should be noted that any false statements to the FBI would not have been done as part of a conspiracy to "frame" Mr. Puana, as the FBI's involvement came after the criminal case against him was dismissed. And with respect to any alleged false statements to the USPIS, once again, since the jury rejected this as an object of the conspiracy, it logically follows that the government did not prove beyond a reasonable doubt that Mr. Nguyen was part of a conspiracy to "frame" Mr. Puana by trying to influence the decisions of the USPIS.

What remains, then, is what the jury actually convicted Mr. Nguyen of -- conspiracy to obstruct justice by knowingly altering and falsifying records, documents, and tangible objects with the intent to impede, obstruct, and influence the investigation of a matter within the jurisdiction of a department and agency of the United States. In short, Mr. Nguyen was found guilty of only a "cover up."

This is cemented by the jury's failure to find as objects of the conspiracy: 1) deprivation of civil rights; 2) obstruction of an official proceeding; and 3) false statement to a federal government agency.

The government points out that "[t]he most straightforward proof is the guilty verdict on Count 2[,]" which alleged that Louis Kealoha testified falsely in Mr. Puana's criminal trial that the person depicted in the video was Puana. This is a misplaced attempt by the government to tether the conspiracy conviction with the jury's guilty verdict in Count 2. This is because the conviction in Count 2 was for Attempt to Obstruct an Official Proceeding. While it is true that Mr. Nguyen was convicted in Count 2 via a *Pinkerton* theory of liability, the jury also specifically rejected attempt to obstruct an official proceeding as an object of the conspiracy. Thus, it is somewhat inaccurate for the government to state that "the jury found beyond a reasonable doubt that Louis Kealoha's false identification of Puana was 'in furtherance of the conspiracy' and 'fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.'" Dkt. No. 978 at 3. This is because Court's Instruction No. 21 requires that the "[other] crime" committed by (in this case) co-conspirator Mr. Kealoha, must have been committed "in order to further or somehow advance the goals or objectives of the conspiracy[.]" Dkt. No. 824 at 32 (jury instructions p. 31). Again, the jury did not find attempt to obstruct an

official proceeding to be an object of the conspiracy.

The jury's verdict constitutes an inconsistent verdict. As to Mr. Nguyen, the logical interpretation is that the conspiracy conviction, as well as his convictions in Counts 6 and 8 (for Attempted Obstruction of Justice), represents only an agreement to cover up the crimes separately committed by others. The *Pinkerton*-liability conviction in Count 2, for Mr. Kealoha's actions as Mr. Nguyen's agent in the conspiracy, is what makes the verdict inconsistent.

It is respectfully submitted that the net effect of the jury's verdict should be interpreted differently and independently as to each defendant. This would not only comport with the guidelines, but with the facts of the case and common sense as well.

Guidelines

A. ███████████████████████

When the Court ruled that the applicable guidelines were governed by USSG §2J1.2, rather than USSG §2H1.1, ███████████████████████

███████████████████████████████████████

███████████████████████████████████

█████████

███████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████



Mr. Nguyen was a career footman. The government's repeated attempts to characterize any member of HPD's CIU as an "elite" or "secret" police force member is misguided and misplaced. Mr. Nguyen neither possessed, nor used, any special knowledge or access. █████████████████████████████

█████████████████████████████████████

████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████

███████████████████████████

████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

███████████████████████████████

█████████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████ The Court's instructions as to Count 6 did not require the jury to find that Mr. Nguyen lied about the retrieval of the hard drive <u>and</u> that Mr. Puana was the person in the video. Dkt. No. 824 at 39 (jury instructions p. 38). It only required the jury to find that a false statement was made, and for them to agree which one was false. Furthermore, with respect to the allegations that Mr. Nguyen was the first person to identify Mr. Puana as the mailbox thief, in its closing argument, the government repeatedly accused Mr. Kealoha of not stating that it was his opinion that it was Puana in the video. By contrast, Mr. Nguyen repeatedly told the grand jury that it was just his opinion that the person in the video was Puana:

> A:   So from my opinion I observed the person in the video to be a male.

> * * *

> Q:   Did you recognize that person?

> A:   In my opinion, I did recognize that person.

> Q:   Who did you recognize it to be?

> A:   When I saw it, in my mind I was that's Uncle Gerry.

* * *

Q:     S you're saying by the way the individual walked you made a determination it was Uncle Gerry?

A:     In my opinion, yes.

* * *

Q:     Well, what was it about the height of the individual on the video that caused you to believe it was Uncle Gerry's height?

A:     In my opinion, and when I looked at the picture I --

Q:     How tall was Uncle Gerry?

A:     Uncle Gerry has to be maybe a little taller than I am.

* * *

Q:     A man who's 5'7 who extends his arms and walks with his arms swaying back and forth, those were the two characteristics that caused you to believe that the person was Gerard Puana?

A:     To me, yes. In my opinion, yes.

U.S. Trial Exhibit 75-13 at 53-55. ████████████████████

███████████████████████████████████████████████████

████████ He did not proceed to arrest Puana after "identifying" him as the

mailbox thief. He simply stated his opinion and let the powers that be investigate

and make the command decisions. In fact, it is undisputed that Detective Dru

Akagi gave the order to arrest Puana after Mrs. Kealoha identified him in the

video. ████████████████████████████████

14

B.   ██████████████████████████████████
     ██████████████

     ██████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

███████████

C.   ████████████████████████

     ██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████

The Nature and Circumstances of the Offenses

This Honorable Court listened to, and knows the evidence in this case well. For those reasons, the trial testimony will not be regurgitated here. Obviously, not all the evidence presented by the government was necessarily proven just because there were convictions in this case. In its sentencing memorandum, the government has highlighted certain parts of the evidence. Mr. Nguyen respectfully responds as follows.

June 27, 2011 Alleged Search of Puana's Home. The only evidence that Mr. Nguyen searched Puana's home came from Jaunette Demello. Her testimony was not credible. Ms. Demello's testimony stood in stark contrast to her own statements to the FBI. She claimed not to recognize Mr. Nguyen and his wife at the time, Maile, then later said she did. Ms. Demello claimed Mr. Nguyen was in uniform and saw his name plate. She told the FBI he was in plainclothes. Ms. Demello said she recognized Mr. Nguyen in the FBI photographs. She did not. She specifically could not identify him from their photographs. Ms. Demello could not make an in-court identification of Mr. Nguyen, but claimed to have recognized him in an elevator at court. There were no police officers who corroborated Ms. Demello's claims of a search. Ms. Demello was not credible and she was the only evidence that Mr. Nguyen searched Puana's home.

June 19, 2013 Questioning of Florence Puana. The government continues to

assert that Mr. Nguyen was sent to Mrs. Puana's deposition to gather information about Mr. Puana's car. This is a ludicrous position. To think that a police officer would need to ask a person what kind of car they drive in order to figure out what kind of car they drive defies common sense. Furthermore, the government's own exhibit (75-13D at 57) proves that Mr. Nguyen already knew what kind of car Mr. Puana drove. Finally, Mrs. Puana did not say anything about Mr. Nguyen's questions until Mr. Puana's lawyer came to her house asking about it one year later. And then she happened to be mistaken about the color of the car that she rode in every day. Finally, Mr. Nguyen had every opportunity to view Mr. Puana's car for himself. It is not credible testimony.

Identifying Puana in the Video. It is difficult to understand the government's argument that Mr. Nguyen was the first to identify Puana in the video. Especially since he took no action with this information. Mr. Nguyen did not arrest Puana. Mr. Nguyen provided this information to Niall Silva, but not to the detective running the investigation, Dru Akagi. Similarly, with respect to the "video viewings at the Kealoha residence," Mr. Nguyen did not attempt to influence anybody's opinion about who was in the video.

The nature and circumstances of Mr. Nguyen's case are not as the government submits. It is undisputed that he received zero benefit from the conspiracy, even as the government views it. He received nothing of monetary or

17

professional value. He was never promoted. The worst that can be said of Mr.

Nguyen with respect to the nature and circumstances of the case is that he was

guilty of trying to cover up the crimes of others -- for that is what the jury

convicted him of.

The History and Characteristics of Mr. Nguyen

      The PSR does an excellent job of highlighting Mr. Nguyen's history and

characteristics. Many character letters in support of Mr. Nguyen are attached as

exhibits for this Court's review. Here, Mr. Nguyen wishes to highlight his

complete lack of any prior criminal history. He also has no history of substance

abuse or violence. He had a small anxiety issue, but has otherwise performed

excellently on both pretrial and post-trial release.

//

//

//

//

//

//

//

//

//

Conclusion

At the end of the day, Mr. Nguyen's convictions are related to a "cover up." The government is unfairly trying to squeeze too much blood out of a verdict which should be interpreted differently as to each defendant. Mr. Nguyen was a footman. Multiple witnesses testified at trial that HPD is "para-military" -- the implication being that, if you are given an order by a superior officer, then you follow that order. No questions asked. Mr. Nguyen was as low-ranking as a police officer could be. He did what he was told. His circumstances are vastly different from his high-ranking co-defendants. His sentence should be as well.

DATED:  Honolulu, Hawai'i, April 14, 2020.

Respectfully submitted,

MIYOSHI & HIRONAKA, LLLC
Attorneys at Law


By:   */s/ Randall K. Hironaka*
RANDALL K. HIRONAKA

Attorney for Defendant
MINH-HUNG "BOBBY" NGUYEN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. No. 17-00582 JMS |
| | ) | |
| vs. | ) | |
| | ) | DECLARATION OF COUNSEL |
| MINH-HUNG NGUYEN (4), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

DECLARATION OF COUNSEL

I, Randall K. Hironaka, hereby declare as follows:

1.      I am counsel for Defendant Minh-Hung "Bobby" Nguyen.

2.      The facts and statements set forth in the foregoing document are true and

correct to the best of my knowledge and belief.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS
TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED:  Honolulu, Hawaiʻi, April 14, 2020.

*/s/ Randall K. Hironaka*
RANDALL K. HIRONAKA
Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the dates and by the methods of service noted below,

a true and correct copy of the foregoing was served on the following at their last

known address:

<u>Served via electronic delivery</u>:

Mr. MICHAEL G. WHEAT, Esq.                    April 14, 2020
Mr. JOSEPH ORABONA, Esq.
Ms. JANAKI S. GANDHI, Esq.
Mr. COLIN M. McDONALD, Esq.
Special Attorneys to the Attorney General
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA  92101
Attorneys for UNITED STATES OF AMERICA


<u>Served via electronic delivery</u>:

Ms. DARSIE ING-DODSON                    April 14, 2020
U.S. Probation Officer
United States Probation Office
300 Ala Moana Blvd., Room 2300
Honolulu, Hawaii  96850


DATED:  Honolulu, Hawai'i, April 14, 2020.


_____
            */s/ RH*
MIYOSHI & HIRONAKA, LLLC

August 26, 2019

Honorable J. Michael Seabright
300 Ala Moana Boulevard, C-338
Honolulu, Hawaii 96825

Re:    Bobby Nguyen

Aloha Your Honorable J. Michael Seabright,

My name is Brandie Booth-Marques and I am a long time and childhood friend of Bobby Nguyen. We grew up right outside of Chinatown in the low-middle income housing. We lived right across one another and our moms had so much in common and immediately became the best of friends. Our mothers were both single parents raising two children, one boy and one girl, worked hard to provide for us, were strict, kept us well behaved, kept a clean house, found joy in cooking, and loved their children. Many of my memories were around a table when we shared our moms home cooked meals. My family loved what Aunty Nancy (Bobbys' mom) cooked which was Vietnamese and Asian dishes and Bobby's family loved what my mom cooked, which was American and local dishes. We were like family. Over the span over 25+ years, although we lived in different parts of the island, we looked forward to our get together's to celebrate Thanksgiving and Christmas'.

I started my career at the Bank of Hawaii as a Data Entry clerk and before leaving after 11 years was an Assistant Supervisor in the Bankoh Call Center. During my employment at the Bank of Hawaii, it was exciting professionally and personally. I got married and my husband and I had three beautiful girls. It was after our last daughter and his deployment in the Marines, that we decided that I would stay home to raise our children. Only a year later, I wanted to get back into the work force to continue my career. I now am the Regional Account Manager at an amazing company called Access Information Protection for over 13 years.

As we grew into adulthood, we would see each other out and about and celebrate our successes about our careers, families and having children. One of my memories with Bobby was the preparation he took for the examination for the Honolulu Police Department. He expressed how he had to get physically and mentally prepared and get serious about life. I had no doubt that he would be a perfect HPD Officer. I was so proud of him when I found out he passed the test! It was such a humbling moment as we would reflect on how many of our childhood friends were not doing well; they were dealing drugs, taking drugs, lost and pondering life, or just dying so young. I would like to think we survived and lived to tell our stories.

As I sat and engaged in this unforeseen season of Bobby's life, I could not help to think, how did this happen to a father that worked so hard in his life, someone who valued doing the right thing, built relationships on trust and who loved his career to no bounds? Yet, I sat and watched this process slowly shave his integrity, freedom and joy. After the verdict, my heart ached and was shocked watching Bobby break. I could only sit in disbelief knowing his innocence.

**Exhibit A-1**

I humbly ask that you please give Bobby a gracious and minimal sentence in October. Will be praying for God to be with you on this day as you make this determination.  I appreciate and kindly thank you for your time.


Best Regards,

Brandie Booth-Marques


**Exhibit A-2**

Bruce and JoAnn Vidinhar



August 11, 2019

Dear Honorable Chief Judge J. Michael Seabright,

With much respect we write this letter on behalf of Minh-Hung "Bobby" Nguyen. We have known Mr. Nguyen for over fifteen years.  We got to know him on a personal basis as he married into the family. Mr. Nguyen has overcome many personal trials in his life but he didn't let that define him. Mr. Nguyen has always been a good father and advocate for his children. He provides support and guidance to them and sacrifices much for their needs.

As leaders in our professional careers as Senior Facilities Manager for the Church of Jesus Christ of Latter Day Saints (Bruce) and State Administrator for the Hawaii's Department of Labor and Industrial Relations (JoAnn) as well as our ecclesiastical callings (Bruce served as a Bishop for the Church, and JoAnn as leader in the women's Relief Society organization), we feel that we possess strong judgement of character.   We know Mr. Nguyen to be dependable, responsible, and hard working.  He is a man of integrity and has given much to the community through his service.

Your honor, Mr. Nguyen is a good and honest person.  We know he only did what his seniors required of him to do for his job.  We know that Mr. Nguyen is saddened by the effects of these actions on his family, the Honolulu Police Department, and the community.

We plead for your mercy on behalf of Mr. Nguyen and his children's futures.  Our prayer is that he could be excused based on his past record which shows him to be an upright, law abiding citizen.

We thank you for your consideration in this matter and hope that you will consider the positive aspects of Mr. Nguyen's life at sentencing.

Respectfully yours,

Bruce Vidinhar

JoAnn Vidinhar

**Exhibit A-3**



IN GOD WE TRUST

CEDAR WOOD
REALTY GROUP

EST. 2013

The Honorable Judge Michael Seabright:

I am writing on behalf of Bobby Nguyen, Defendant in the Kealoha Mailbox Case.  It is my honor to be able to address and appeal to your Honor's sense of fairness and integrity in ruling over this case.  I pray that my letter in support of Bobby will carry some weight in your sentencing decision with respect to Bobby Nguyen.

I have known Bobby from the time we were young.  His family and mine grew up together in Vietnam and both families migrated to America around the same time . . . a few days prior to the Fall of Saigon.  The history between our families run deep . . . two generations deep to be exact.  My father went to school with his mother in Vietnam and his sister, Tania Ingram, and I attended McKinley High School together, both graduating in 1988.  Needless to say, our families have been together through many phases of our lives and we have a level of trust and respect for one another.

Bobby was always known to me as "Tania's Little Brother."  Bobby has always been like family to me and I have always known Bobby to be an honest young man, always looking after his grandmother, his mother and his sister.  He was the man of the house.  Although his mom, who was a single mom, worked to provide for them, the struggles their family faced only motivated Bobby to work harder to make his mom proud and to help care for her as she battled diabetes for many years prior to her passing in 2016.  Bobby is not only a good son, but he is also a great father . . . always doing his best to be a father to two children when he had no father figure to follow.

Over the years, I have heard stories of Bobby that would make me laugh because he was always known to us as "tough on the outside but soft on the inside."  He struggled in school but he never gave up.  He worked hard to pursue his dream of becoming a police officer.  I remember being told by his sister how proud she and her mom were and how excited Bobby was to becoming a police officer with HPD.  That was a moment that made every struggle that family went through, after escaping from Vietnam, worth it.  I can honestly say that Bobby is a good man.  He is a man of few words and only speaks when it is important.  You could never read Bobby because he always needed to remain strong on the outside for his family, but one thing we all knew . . . Bobby had a big heart!

When I first heard about Bobby's troubles, I was in disbelief because of the person I knew him to be.  However, as a business owner and seeing the evils that go on around our lives, it was not difficult to believe that people would do whatever it takes to get what they want regardless of who they hurt along the way.  As we watched the story unfold, deep down, I always believed that Bobby was somehow a victim of someone's greed and selfish desires and that he was innocent.  As we prayed for him and those involved, we prayed that God would reveal truth and that somehow Bobby would be vindicated.  Like so many before him, his life is in the hands of people that don't know him or have ever even spoken a word to him, but somehow have made  a ruling that has determined his fate and the fate of his two children, a 16 year old young man and a 7 year old little girl.  I continue to wonder how this is fair for a jury to find

69 Park Avenue, Worcester, MA 01605
Office Phone:  (508) 283-7979
info@cedarwoodllc.com
www.cedarwoodllc.com

**Exhibit A-4**



IN GOD WE TRUST                                                    EST. 2013

a man guilty based on a set of circumstantial evidence and the memory of people over the course of several years. It is sad to me that one woman greed and careless heart could alter the course of so many around her. How could this be, but it is Bobby's reality right now as he tries to figure out how he got here and what will happen to his children as he will be stripped away from them for something he is still trying to understand himself. Our hearts are broken for him and his children. A man, whom we believe has upheld the law, is now going to do time in prison for the greed of another.

My husband and I own a construction and real estate brokerage in Worcester, MA. We are a Christian based company with a mission to help our community experience the love of Christ through our agents. Our mission for both businesses is to provide second chance opportunities to those that need it as well as be a support to our community in Worcester, MA. All this to say . . . we believe in developing people and help them to understand their God given gifts so that they can live out their purpose, on purpose.

Through our experience of working with many people, we have encountered evil in many ways. We have seen how jealousy, envy and greed has made people do things that are incomprehensible. We have seen enough of that around us to become sensitive to those who lack character and integrity. I can honestly say . . . to know Bobby is to know that this man's character and integrity is intact. His reaction to the verdict was not the normal reaction of a guilty man but a man who truly believed that if you do right, you will be redeemed. However, Bobby's life changed in that very moment and so did the lives of his children.

Judge Seabright, your history would have me believe that you are a man of integrity and great character. You have seen and heard many cases to the point where I believe that you have a discerning spirit that can detect the guilty vs. the innocent. As you review Bobby's case, I pray that you will ask God to reveal truth to you and to give you the wisdom to rule accordingly. If for some reason, you are able to find an ounce of doubt, please spare Bobby's life by giving him the lightest sentencing possible. If there was even an opportunity to stand up for Bobby and tell you that we would employ him and be responsible for him, my husband and I would do so in a heartbeat. We believe in him, because we know him. We believe in him, because we have seen this family overcome. We believe in him, because we know that God has a plan for him.    I pray that you will extend grace as you decide on Bobby's fate and his children's future. Bobby's first question after his verdict was "if God loves me . . . why is this happening?" My prayer is that God will show Bobby His love through all this. I also pray that truth will be revealed during the next few months, as you have the burden of making a decision that could ultimately alter the path that God had for Bobby. That is a heavy burden to carry as a judge and I will pray for wisdom, knowledge and peace for you as you make decisions for all involved in this case and all the cases that come before you. Though you are the judge in this case, I believe that God is the judge of it all and I trust that His plans for Bobby will continue no matter what interruptions have to happen along the way.



IN GOD WE TRUST

CEDAR WOOD
REALTY GROUP

EST. 2013

Thank you for reading this letter.  Please feel free to contact me at (508) 864-1536 should you have any questions.  God bless you and may His hands always be upon you as you live out your God given purpose.

Sincerely,

Christine L. Najem

Founder/Broker

Cedar Wood Realty Group

69 Park Avenue, Worcester, MA 01605
Office Phone:  (508) 283-7979
Email: christine@cedarwoodllc.com
www.cedarwoodllc.com

Exhibit A-6

Chief Judge J. Michael Seabright

United States District Court

300 Ala Moana Blvd C-338

Honolulu, HI 96850

29 September 2019

       Re: Character reference for Ming-Hung "Bobby" NGUYEN

Your Honor:


    My name is Darnet Sene, currently a Sergeant with the Honolulu Police Department. I have known Bobby since 2007. While I was assigned to patrol in District 2 (Wahiawa/Mililani/North Shore) as a motorman, Bobby came to our district and was my footman. He was excited and enthusiastic about being on patrol on 1st watch. He tried his best to take all the cases as they came in and wasn't afraid to ask questions when he was unsure of how to handle a case. During that time, he volunteered to work extra hours because he wanted to propose to his fiancé, he wanted to be able to provide for his future family. The only thing he would complain about was there were not enough cases to handle and decided to transfer to a town district.

    I again came to work with Bobby in 2015, in the Criminal Intelligence Unit (CIU). He again was my footman. We were in the Anti-terrorism Intelligence Unit (ATIU). The work in ATIU was a little different from the "normal" police work and Bobby helped me understand what our mission was. I would say we became close and we talked about personal issues. During those years that I've worked with Bobby, at no time did we discuss previous investigations, he did vaguely open up about his divorce and his custody issues. Bobby loves both his children, Blaze and Mika. He would mention that while he was growing up, he was a little rascal and no one really to go to. He didn't want that for his children. He tried his best to do right by them and teach them right from wrong and how to treat people right. Bobby would work extra jobs (special duty) to make extra money, so he could give his kids what they wanted.

    Prior to the trial, he would state that his main concern was for his children. He mentioned that Blaze had some issues with what was on the news and he had to deal with things that other kids in school would say. Bobby was concerned on how Mika would handle it also. He was also concerned on being able to support his children if he were to go to prison, he stated it was his responsibility to take care of them. I would often offer to help with food or anything he needed. He always said thank you, but never took me up on my offers. During the trial, I would send a text to Bobby every morning to stay positive and continue to have faith in our Father God. He would respond by saying thank you, I need prayers and that he too was praying.

    Bobby loves his children and loves his friends. He is a caring person, but will not show it. I think it's a "manly thing" but when I would be out sick, he would text me to check on me, when I was going through some issues with my family, he would offer to listen and help me through it. He had a subtle way of showing you he cared. I don't know if that's typical of police officers, but I know he is a good person and

a great man.  He loved his job as a police officer, loved to do right by the community.  He is a great problem solver and dedicated to the department.


   In conclusion, I know Bobby was an asset to the department, community and his family.  We all make poor decisions in life or follow/associate the wrong people, but I believe in my heart that Bobby has a lot more to offer to society, the community and his family.


Respectfully yours,

Darnet Sene

**Exhibit A-8**

**To:** Chief Judge J. Michael Seabright

**From:** Eddy M. Takiguchi

**Subject:** Bobby Nyguen

Chief Judge J. Michael Seabright, I am writing this letter on behalf of my friend Bobby Nyguen.

I have known Bobby for about 25 years now in which we often went spearfishing and together. Bobby has always been a good friend. Bobby is an honest and trustworthy person, I would trust Bobby with my last dollar he is that kind of guy.

Bobby is the kind of guy that will have your back in a tough situation.

If you have any questions, please feel free to contact me.

Sincerely,

**Exhibit A-9**

Egan Inoue



September 6, 2019

Honorable Chief Judge J. Michael Seabright
United States District Court
    For the District of Hawaii
300 Ala Moana Boulevard
Honolulu, Hawaii 96813

    RE: HPD Officer Minh-Hung "Bobby" Nguyen

Dear Judge Seabright,

I am writing today in support of the character of Bobby Nguyen. I have been a close personal friend of Bobby for over 25 years. For twenty-three of those years he has helped me teach Brazilian Jiu Jitsu to men, women and children from across the state as he helped me open my Jiu Jitsu school. Bobby exemplifies all the things we look for when we try and teach our children to be good people. Hard working, trusting, dependable, considerate and humble. However, if I had to pick one word to describe Bobby, it would be loyal, almost to a fault. If I or anyone I loved needed help Bobby was one of those few men you could always count on. No matter what adversities or trials we had to go through we always knew Bobby was there to support us. Through the years Bobby and I would work long hours together, often over 10 hours a day as I grew in my carriers as an athlete. We would travel the world together and often went on diving and fishing expeditions. I mention this because it is literal when I say that I view Bobby as a younger brother who I would trust with my life, because I have trusted him with my life. Bobby is that friend, that brother, who would put everyone else's needs before his own.

I was surprised and disappointed when I heard of Bobby's recent conviction in the Kealoha Mailbox trial. I fully understand the gravity and seriousness of this situation and this conviction. Knowing Bobby as I do, with his devotion to loyalty, and knowing his family ties to the Kealohas, as well as his subordinate position to the Chief of Police, I firmly believe that Bobby was pressured by his superiors to act in the way that he did. This does not excuse his mistake and error in judgment. If not for Bobby's loyalty and being pressured, I believe he never would have behaved in the way that he did.

In my personal communications with Bobby he has expressed and demonstrated remorse for his actions and tremendous regret for his decisions and the impact they have had on his family and friends. He recognizes his need to pay his debt to society and is committed to being that much better of a citizen, a friend, a son, and a father to his young daughter. It is my sincere hope that this court takes this letter into consideration at the time of sentencing. Bobby made a mistake. That said, Bobby is an honorable and decent individual, an outstanding father, and a role model for everyone he has helped in his life.

Sincerely,

Egan Inoue

**Exhibit A-10**

Eric Onishi



August 15, 2019

Honorable Chief Judge J. Michael Seabright
United States District Court
For the District of Hawaii
300 Ala Moana Boulevard
Honolulu, Hawaii  96813

RE:     HPD Office Minh-Hung "Bobby" Nguyen

Dear Judge Seabright,

I am writing today in support of the character of Bobby Nguyen, whom I have known since the 1990's as a jiu jitsu teammate and friend.  Bobby is extremely loyal, training under the tutelage of only Egan Inoue over the past 20+ years!  In the gym, Bobby has always sacrificed his time and physical being to constantly help others around him first.  I have seen him on many occasions skip his own training just to do this for his teammates.

I was surprised to hear about his recent conviction in the Kealoha Mailbox trial, and under stand the seriousness of the situation.  Given Bobby's very strong loyal and selfless personality traits, as well as his familial and subordinate ties to the Kealohas, I strongly believe that he succumbed to pressure by his superiors to commit his misdeeds, and unfortunately he showed poor judgment in following their orders.

I believe that as we move forward he will emerge a better person.  He will pay his debt to society, and he has shown remorse for his actions.  It is my sincere hope that this court takes this letter into consideration at the time of sentencing.  Despite the current case, I still believe Bobby to be an honorable individual, a valuable member of our community, and a good human being.

Sincerely,

Eric Onishi

**Exhibit A-11**

Kent Simpson

████████████████████████████████████████

August 8, 2019

Federal Judge John Michael Seabright
United States District Court of Hawaii
300 Ala Moana Blvd. C-338
Honolulu, HI 96850

Honorable Judge John Michael Seabright,

Bobby Ngyuen is my former son-in-law and I have known him for approximately 10 years. Bobby married our daughter Maile, with whom we are estranged. Unfortunately, Bobby and Maile divorced and now share custody of our granddaughter, Mika. It wasn't until after the divorce that Bobby arranged for us the first opportunity to meet Mika. Up to this point, we met Bobby a few times but didn't have the chance to get to know one another and he was under no obligation to communicate with us after they divorced. It was not until after we met our granddaughter for the first time that I learned of his upbringing which was unconventional at best. It is an amazing success story of a boy and his sister overcoming insurmountable odds to not only become U.S Citizens but thrive and succeed. I believe it is because of these experiences that he places such a priority on family. Marriage is hard and our daughter is complicated but Bobby understanding of the importance of family is something I have admired in him since our granddaughter was born.  Mika is now 7 and we met her for the first time in 2017 with Bobby help.

I have had several opportunities now to have more meaningful conversations with Bobby and the more I get to know him I am increasingly impressed with his accomplishments. He served in the military as well as the HPD where he excelled and earned the respect of his colleagues. He continues to maintain correspondence with us and keeps us up to date with Mika's school and other activities.

Bobby is always willing to help others and does not shy away from responsibility. He has had more than his share of life's challenges and has done better than most making the best of difficult situations. He has earned our respect and admiration and we look forward to building on our relationship with both Bobby and Mika as well as Bobby's sister who, I understand is the only immediate family he has left.

I hope that you will prayerfully consider this young man's character and recognize his ability to positively affect his community and the people he encounters.

Sincerely,
Kent Simpson

**Exhibit A-12**

Lori Ferreira




August 30, 2019

To The Honorable Chief Judge J. Michael Seabright,

I have known Minh-Hung P "Bobby" Nguyen on a professional and personal level for the past 5+ years. I was both troubled and surprise to hear about his recent case as he has always been a person with sound characteristics. It is for this reason I am honored to write a letter of character reference regarding this matter. I understand the seriousness of this matter, however, hope the court will show some leniency based on his true character.

Bobby's true characteristics are very rare to find in this new social structure we live in today. I can attest to the fact that he is a man of respect for others and himself, integrity, compassion, and obedience. He has always exhibited these characteristics both in his professional and personal endeavors. Based on his character I always felt safe to reach out to him for any situation in reference to my professional and personal matters.

As a mental health professional, I have had the opportunity to consult with Bobby on countless crisis situations, he always operated in a lawful and ethical manner. He would protect the rights, liberties and safety of my clients. I could tell he was passionate about his role as an officer and honored to represent the Honolulu Police Department (HPD) in a positive manner.

I am truly blessed to know Bobby on a personal level, as well, because he played such a vital role in helping me rear my adolescent children to productive young adults. As a single mother it is not always easy to provide support and discipline. I am so grateful that I could call on Bobby for advice and support. I chose to reach out to him because I knew he was a "family first" man, as I witnessed his love and respect for his own children. I can truly say my children would not be who are today without his support, compassion, and empathy.

I am aware of his current situation and I want to express that despite what may have been depicted in court, Minh-Hung P "Bobby" Nguyen is an asset to many people's life. He is a man with countless positive characteristics that is rare to find in today's society. It is my hope and prayer the court will take into consideration what is written above and see Bobby for the man he truly is in society. He is definitely a productive member of society and will continue to be given the right opportunities.

Thank you for your time and consideration.

Sincerely,

Lori M. Ferreira

**Exhibit A-13**

**Maria Gretel Glicelina Tomita, Pharm.D.**



September 1, 2019

To the Honorable Chief J. Michael Seabright
United States District Court
For the District of Hawaii
300 Ala Moana Blvd
Honolulu, Hawaii 96813

Re: Officer Minh-Hung "Bobby" Nguyen

Dear Judge Seabright,

I first met Bobby earlier this year at Egan Inoue Jiu Jitsu Grappling Unlimited. He attended class for the first time there after many years of being away from the sport of Jiu Jitsu. Immediately, the old timers welcomed him back, and I still remember that first day enjoying after-training açaí bowls with him and a few others. He was very easy to converse with. I learned about his daughter and his concern over where she would attend school as the news of St. Francis School closing had just broken. I could tell how much his daughter is a big part of his life.

He continued to attend Jiu Jitsu classes and even unselfishly partnered with newcomers to help them learn a few basic techniques. While most people, I presume, at purple belt who return to Jiu Jitsu after decades of being away would rather work on their own performance to get back to the level they were when they left, Bobby has been open to helping everyone from beginners to black belts improve their game. His selflessness and generosity are two characteristics that stand out each and every time I see Bobby.

A group of us have been preparing for international tournaments, and Bobby has been around to strengthen our games and give advice. Personally, he helped me better understand proper form for a certain takedown I had been working on with my husband, who is also on our team. He saw that after practicing this, my husband and I were having a quarrel, and I walked off the mat in tears. Bobby pulled me aside later to reset my mind. He said that Egan was tough on them in the same way back in the day. He reminded me that my husband is a tough critic and only wants me to do my best. He said that I cannot quit because of that. He said that I need to use it to get my mind stronger and again reminded me to not quit. Those were the words I needed to hear, and somehow Bobby knew it.

**Exhibit A-14**

All of this I share with you, Judge Seabright, because Bobby is a genuinely kind person who doesn't hesitate to help others. He is one of the most unselfish people I know. He is never egocentric and never boastful. In the time I've known him and in every occasion I have spent in his presence, I've only seen him giving of his time and knowledge. It is extremely unfortunate it is because of his selflessness that he is now in his current situation.

I wish that the court would please consider leniency in regard to Bobby's sentencing and highly hope for an appeal. Bobby is truly a virtuous man, a loving and devoted father, and a generous friend who never expects anything in return.

I thank you for your consideration in this very important matter.

Sincerely,

Maria Gretel Glicelina Tomita

**Exhibit A-15**

**Rei S. Takayama**



August 26, 2019

To the Honorable Chief J. Michael Seabright
United States District Court
For the State of Hawaii
300 Ala Moana Blvd
Honolulu, Hawaii 96813

Re: Officer Minh-Hung "Bobby" Nguyen

Dear Judge Seabright,

Over the past six months, I've had the privilege of knowing Bobby both as a fellow Jiu Jitsu athlete and also as a dear friend. In this brief time, I have been fortunate to benefit from the knowledge of Jiu Jitsu that Bobby has shared with us. I have also come to know him as a great fisherman, genuinely supportive and understanding person and the proud father of two.

One of the characteristics that stands out is his willingness to give back to his community such as fellow members of Grappling Unlimited Hawaii. His genuine desire to help us grow and excel in our Jiu Jitsu journey while also continuing his own journey (which began over 20 years ago) is well recognized. As our members have been getting ready for tournaments, his knowledge has been sought after and Bobby has extended himself to all of us.

In addition, the past two Sundays he has also gone out of his way to help a younger member who has recently started. After our Open Mat session one Sunday, I watched while the father of that youth came up to Bobby and graciously thanked him for working with his son and guiding him through some drills.

Bobby's ability to maintain a positive attitude helps in passing on positive energy and feedback to those of us around him. Being able to assist others reflects his caring demeanor. He has mentioned that it actually helps in calming the anxieties of his current situation. Even with the uncertainty in the outcome of the upcoming sentencing, he finds a way to navigate through his feelings of uncertainty when he is around us and is able to focus on what is in front of him at the moment.

The most important part of his life, his children, Blayze and Mika are a testament to the person he is. He often will share with me significant times that they have spent together. My children have also enjoyed spending time with Mika when they accompany us to Jiu-Jitsu classes.

**Exhibit A-16**

As a mother of two children, I cannot imagine how they are going to emotionally cope with the outcome of this situation. Bobby has mentioned to me that aside from the uncertainties, what weighs heaviest on his mind is that he is conflicted of the timing of when to explain to Mika about the fact that he will be unable to see her when he is required to fulfill his sentence. Moreover, his biggest concern is the effect it will have on her emotionally.

I have personally witnessed their close bond in their interactions when she accompanies him to Jiu Jitsu. I have also heard all about their Uno card games, their father daughter beach days, Friday happy meals and their quality time spent together.

I ask that the court please consider leniency in regards to his sentencing with hopes of a possible appeal. I believe Bobby is an honorable and caring individual who is of more value to the community and society as a free man than he would be incarcerated.

Thank you in advance for your time and consideration.

Sincerely,

Rei S. Takayama

**Exhibit A-17**

*Rualani Simpson*

FEDERAL JUDGE JOHN MICHAEL SEABRIGHT
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
300 ALA MOANA BLVD. C-338
HONOLULU, HI 96850

Dear Honorable Judge John Michael Seabright,

Bobby Nguyen is my son in law; I have known him for over ten years.
I have always felt that Bobby is our Son.
Bobby came from a hard childhood being abandoned by his father and mother, raised by his Aunt and Uncle. Bobby and his Sister became the family that he so needed. Bobby was a refugee from Vietnam speaking no English. He overcame numerous challenges learning to speak English and sought an education. He strived to work hard and with the knowledge and speaking bilingual he worked hard and became a police officer.
He was a proud man and worked hard to excel being the best officer that he could be.

In the past decade we have had a strained relationship with our daughter. Bobby has made it possible for us to meet and get to know our granddaughter. We are forever grateful for this gift that he gave to us! We live in the Mainland and when we visit he provides the time for us to get to know our granddaughter and share times with her. This past Christmas Mika meet her three cousins that live in the Mainland, a true gift! Having this time all together would not have been possible without Bobby's efforts. He is a honorable man and knows what is right, and goes out of his way to be there for others.
When we share time with Bobby and our Granddaughter Mika we know there is a true bond. Because of his own struggles at a young age to have a family we see how important family is to him.
Bobby works hard to provide for Mika having a home in a good neighbor and attending a good school. He knows firsthand how important a good education and the environment you are exposed to will shape a person to becoming the best little person Mika could be.
Mika shares with us that Daddy helps her with her homework and learning her prayers. She shares the times he takes her fishing and swimming. I feel blessed knowing that our granddaughter can develop, learn and spend time with her Daddy.

May Our Compassionate Lord guide you in your decisions for my Son,

Thank you for your time,

*Rualani Simpson*
Rualani Simpson

**Exhibit A-18**

**RUDOLPH H. PUANA AND LEALANI M. PUANA**



MR. RANDY HIRONAKA, ESQ.
345 QUEEN ST. #600
HONOLULU, HI 96813

DEAR MR. HIRONAKA :

RE:  MR. BOBBY NGUYEN

ENCLOSED IS A LETTER FOR JUDGE JOHN MICHAEL SEABRIGHT, PLEASE SEE THAT THE JUDGE HAS A CHANCE TO READ IT.

IF YOU HAVE ANY QUESTIONS PLEASE FEEL FREE TO CALL US.  OUR PHONE NUMBER IS ███████.

SINCERELY,

RUDOLPH AND LEALANI PUANA

**Exhibit A-19**

RUDOLPH H. PUANA AND LEALANI M. PUANA

███████████████████

██████████████████

FEDERAL JUDGE JOHN MICHAEL SEABRIGHT
UNITED STATES DISTRICT COURT OF HAWAII
300 ALA MOANA BLVD. C-338
HONOLULU, HAWAII 96850

DEAR HONORABLE JUDGE JOHN MICHAEL SEABRIGHT:

BOBBY NGUYEN, is our grandson in law.  This young man has more than once
proven to be a welcomed addition to our family.  Even after Bobby and our
granddaughter Maile Louise divorced he remained a family member.
When my husband was in Queens Hospital, Bobby would come and visit him.
Not even our grand daughter came to see papa. When ever we needed to see
their daughter Mika, our great grandchild, Bobby would always bring her to
See us.

His whole life this young man has had to fight.  He was raised by an aunt and
uncle due to his mom not being able to raise two children. He had to learn to
speak English and survive in a different country.

The day he became an HPD officer, he was the happiest person to walk this earth.
He finally found that he belonged.
He has always been a humble man,  we can't ever remember him saying I did this
or that.  He speaks fluent Vietnamese and English.  His character is beyond
reproach and  Bobby stands by his word.

These statements about Bobby Nguyen, is what we know after many years of our
relationship with him.

We will always love Bobby, he will always be apart of our family.  Compassion
And justice is what we ask for this young man.  We pray everyday for him to
receive the Blessing of our Lord Jesus.

Sincerely,

**Exhibit A-20**

August 1, 2019


Honorable J. Michael Seabright
300 Ala Moana Boulevard, C-338
Honolulu, Hawaii 96825

Re:     Minh-Hung P. Nguyen

Dear Your Honorable J. Michael Seabright,

My name is Tania L Ingram and I am the older sister of Minh-Hung P. Nguyen, also known as Bobby Nguyen.  My family and I immigrated from Vietnam right before the fall of Saigon.  We were fortunate to have an uncle who was in the Air Force who loved our family enough to sacrifice his career to bring us safely to Hawaii in 1974. We were raised by our single mother who worked very hard and sometimes 2 to 3 jobs to support our family.  She did not speak any English and attended evening classes to learn how to speak and write English.  She passed away a few years ago which left my brother and I as the only close family for each other.  Our father was not a part of our lives.  He decided to move away a year after arriving to Hawaii.  I have recently uprooted my life to return to Hawaii from Massachusetts to support and assist Bobby and his children in this difficult time.  During the trial, I made the decision of moving back and have secured employment with Adventist Health Castle Hospital as a Patient Access Scheduling Representative. Prior to returning to Hawaii, I was employed with Capstone Builders/Cedar Wood Realty Group, LLC as an office manager for over 7 years.  My husband and daughter are currently in Massachusetts closing out our lives there and will be joining me as soon as all is settled.

Growing up with Bobby, I have known him to be a very private, simple, and an independent person.  He has overcome adversity and has accomplished great things on his own without seeking assistance from others. Bobby is very loyal with great integrity and is known to be trustworthy and hard working. I have always known him to be there for me whenever I needed him and know that he would drop everything to support me.  He worked his way from being a fish cutter at a fish market to working at the airport as a TSA agent.  He worked long and late nights and weekends.  He is very dedicated to his children and is a fantastic and loving father.  Being a single father, he has endured many challenges as he did not have a positive male role model growing up.  Bobby lives modestly and is content with his children.  I have seen him grow into becoming a good citizen of the community.  He's come a long way from receiving his GED to furthering his professional career in the police department.  This was a great achievement for him and our family.  He disciplined himself to study and physically train to gratulate from the police academy.  Entering into the police force he took his position seriously with pride and commitment to serve the community to the best of his ability.

**Exhibit A-21**

Seeing him being involuntarily drawn into this process, I have noticed that it has taken an extreme toll on him physically and emotionally.  As I watched him on the day of the reading of the verdict, my heart broke as I saw him drop down in his seat and lose his composure, as it was very difficult for him to receive the verdict knowing he was innocent and had no direct involvement.

I humbly ask for your understanding and compassion regarding Bobby's upcoming sentencing at the end of October in giving him the lightest punishment as he will be leaving his young children behind.  I pray that God shall be with you as you make your final decision.  Please feel free to contact me at ▮▮▮▮▮▮▮▮ if you wish to discuss this matter further.  We thank you for your time and service to our community.

Sincerely,

Tania Ingram

**Exhibit A-22**

# COURT REFERENCE LETTER

Teresa Fujimoto



Date: September 5 2019

Dear Judge Michael Seabright,

My name is Teresa Fujimoto and proud to offer my recommendation of Minh Hung "Bobby" Nguyen to whom I have personally known for 24 years as my friend.

I have known Minh Hung "Bobby" Nguyen for the past 24 years. I am the mother of his son, and we share custody. We have a good relationship, and an open line of communication. Bobby and I were in a 8 year relationship before I became pregnant. He will never admit this to anyone, but he is a very considerate person. Since I have known him for 24 years, I have seen him mature. There are most likely a lot of people who will tell you he is a jerk, but they do not know the real Bobby. He will come across as not very social, but he is a very caring person. Bobby has always been involved in our son's life. I know that he is a good person, and may have married into the wrong family. In life we all have to make choices, and I don't know what circumstances led to his decisions. My son has been dealing with the news coverage, and Bobby has talked to him. Bobby has a good heart, and is always concerned about the well being of both his children. There is so much I would like to say, but pointing the finger at another person will not help the situation. Although Bobby and I did not stay in our relationship, this does not cause me to have any ill feelings towards him. While we were in a relationship he was always caring and understanding. I don't know if this will help, but if I don't try then I have failed. I do not want to be another person in Bobby's life who has let him down.

Please do not hesitate to contact me if you should require any further information.

Sincerely,

**Signature** _____ Date: 9|5|19
Teresa Fujimoto

**Exhibit A-23**