MERRICK B. GARLAND
Attorney General
RANDY S. GROSSMAN
Acting United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI G. CHOPRA, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys to the Attorney General
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: 619-546-8437/7951/8817/9144
Email: michael.wheat@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>v.<br><br>MINH-HUNG NGUYEN (4),<br><br>  Defendant. | Cr. No. 17-00582 JMS-WRP<br><br>UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT MINH-HUNG NGUYEN'S JOINDER TO MOTION FOR RELEASE PENDING APPEAL |

The Court should deny Defendant Minh-Hung "Bobby" Nguyen's motion for joinder to Defendant Derek Hahn's motion for release pending appeal. Nguyen's cursory motion fails to state what he intends to argue on appeal and provides no basis for his argument. Therefore, the Court cannot properly apply the *Handy* rule to determine whether Nguyen's arguments raise a "substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does

not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeals process." 18 U.S.C. § 3143(b)(1)(B); *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir. 1985). Since there is no way that the Court can evaluate whether Nguyen's arguments are "fairly debatable," or likely to lead to reversal, the presumption of detention cannot be rebutted. *See United States v. Montoya*, 908 F.2d 450, (9th Cir. 1990) (denying motion for bail pending appeal; "[C]ounsel does not tell us what the basis for the argument is. There is thus no way that we can evaluate whether the argument appellate intends to present is fairly debatable. . . . We simply cannot evaluate the merits of arguments that have not been set forth.").

In addition, Nguyen cannot simply join Hahn's motion because they are not similarly situated. For example, Nguyen cannot join Hahn's *Pinkerton* arguments in blanket fashion because, unlike Hahn, Nguyen was the principal actor—the one who actually told the lies—for Counts 6 and 8. Therefore, *Pinkerton* liability did not apply to Nguyen at all on those counts.

Otherwise, the United States incorporates by reference its arguments, where applicable to Nguyen, as stated in its Response in Opposition to Hahn's motion for bail pending appeal.  ECF No. 1097. Given Nguyen's ubiquitous role in the framing of Gerard Puana, and direct liability for the false statements, Nguyen cannot meet his burden—as he must—of demonstrating entitlement to release pending appeal.

Nguyen's motion for joinder should be denied.

Dated: May 19, 2021

MERRICK B. GARLAND
Attorney General

RANDY S. GROSSMAN
Acting United States Attorney

*/s/ Colin M. McDonald*
MICHAEL G. WHEAT
JOSEPH J.M. ORABONA
JANAKI G. CHOPRA
COLIN M. MCDONALD
Special Attorneys to the Attorney General

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MINH-HUNG NGUYEN (4),<br><br>　　　　　Defendant. | Case No. 17-CR-00582-JMS-WRP<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Colin M. McDonald, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893.

I am not a party to the above-entitled action. I have caused service of the foregoing on all parties in this case by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 19, 2021.

　　　　　　　　　　　　　　　　　　　　　　/s/ Colin M. McDonald　　　　　
　　　　　　　　　　　　　　　　　　　　　　COLIN M. MCDONALD

4